UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREA MORSHAEUSER, wife of and PAUL JAMES CASEY FOS | CIVIL ACTION |
| v. | NO. 12-2210 |
| CITIMORTGAGE, INC., ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is Citimortgage's Rule 12(b)(6) motion to dismiss the plaintiffs' supplemental and amending complaint. For the reasons that follow, the motion is DENIED.

**Background**

This litigation arises from the alleged fraudulent and wrongful foreclosure initiated by Citimortgage, Inc. on Andrea Moreshaeuser and James Paul Casey Fos' house in Covington, Louisiana. The facts as alleged in the state court petition are more completely set forth in this Court's October 24, 2012 and November 14, 2012 Orders and Reasons.

On July 30, 2012 plaintiffs sued Citimortgage, Inc., Anne Raymond, and Jackson & McPherson, LLC in state court.[1] The

---

[1]The plaintiffs had alleged that Ms. Raymond "failed to fulfill her duties under La.C.C.P. art. 863(B)" when she signed the underlying petition for executory process, that Ms. Raymond also violated Rule 3.7 of the Rules of Professional Conduct by executing the verification attached to the petition for executory process, and that Jackson & McPherson is running a "foreclosure mill" in

1

plaintiffs allege in their state court petition that, at some point after buying their house in Covington, Louisiana with a loan evidenced by a note secured by a mortgage that was given to Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary, Citi informed them that their mortgage payments should be made to it; Fos fell behind on mortgage payments; Citi intentionally accelerated the note and refused to accept Fos' offer of payment in violation of the mortgage; based on an improperly verified petition for executory process filed on behalf of Citi on January 10, 2011,[2] the court in St. Tammany Parish ordered the Sheriff to constructively seize the plaintiffs' property; Fos twice applied for loan modification or reinstatement, but Citi refused to process the applications; in response to Citi's second payoff quote, Fos paid the remaining loan in full; Fos attempted to secure return of the cancelled note from Citi; and plaintiffs received from Citi on March 22, 2012 a lost note affidavit (which stated that the note had been paid in full but the note had been lost) with a copy of the note. The plaintiffs contend that March 22,

---

which more foreclosures are processed than the staff of the firm allows.

[2]On January 10, 2011 Anne Raymond, a partner with Jackson & McPherson, on Citi's behalf, filed with the Clerk of Court of St. Tammany Parish a petition for executory process to foreclose on the mortgage and enforce the note. In the verified petition, Citi and Raymond (acting as attorney for Citi and representative of Citi) asserted that Citi was the holder of the note secured by the mortgage on the Fos property.

2012 was the first they could have known that Citi did not own or hold the note or mortgage rights on January 10, 2011.[3]

Based on the language in the Notarial Endorsement and the date of its recordation (July 2011), the plaintiffs allege that Citi wrongfully foreclosed on their property and that, by doing so, committed fraud on the court and on them; in addition to committing the tort of wrongful foreclosure, the plaintiffs also allege that Citi committed conversion; that it committed fraud on the public records of St. Tammany Parish; that the assignment of the note was a sale of a litigious right; and that Citi breached the Home Affordable Modification Program with respect to the plaintiffs' loan modification application. They filed suit in state court.

Citi timely removed the lawsuit, invoking this Court's diversity and federal question jurisdiction. The plaintiffs

---

[3] Attached to the Lost Note Affidavit was a Notarial Endorsement and Assignment of Mortgage and Note, which stated that, as of June 30, 2011, MERS:

> is the legal and equitable owner of the said note and mortgage with full power to sell and assign the same; that it has executed no prior assignment or pledge thereof....

> [f]or value received, the said [MERS] does hereby, assign, transfer, sell and deliver, without recourse to: CITIMORTGAGE, INC....one certain mortgage note made and subscribed by PAUL JAMES CASEY FOS AND ANDREA MORSHAEUSER FOS, which mortgage note is secured by a mortgage....

The Notarial Endorsement was recorded with the Clerk of Court on July 25, 2011.

requested remand of this lawsuit, and all three defendants sought dismissal for failure to state a claim. On October 24, 2012, this Court denied the plaintiffs' motion to remand, granted Anne Raymond and Jackson & McPherson, LLC's motion to dismiss; and after submission of supplemental papers by Citi and plaintiffs, on November 14, 2012, the Court granted in part and denied in part Citi's motion to dismiss.[4] The Court allowed the plaintiffs to amend their complaint to attempt to cure their deficiencies in pleading their fraud claim. The plaintiffs filed their amended complaint on November 21, 2012. Citi now seeks to dismiss the plaintiffs' amended fraud claim for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

I.

Rule 12(b)(6) allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted. Such a motion "'is viewed with disfavor and is rarely granted.'" See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

"'To survive a motion to dismiss, a complaint must contain

---

[4]The Court dismissed the plaintiffs' fraud, third-party beneficiary, and sale of a litigious right claims, but denied Citi's motion to dismiss the plaintiffs' conversion/wrongful foreclosure claim.

4

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks, citations, and footnote omitted).

The United States Supreme Court suggests a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. Iqbal, 129 S.Ct. at 1950. First, the Court must identify pleadings that are conclusory and thus not entitled to the assumption of truth. Id. A corollary: legal conclusions "must be supported by factual allegations." Id. Second, for those pleadings that are more than merely conclusory, the Court assumes the veracity of those well-pleaded factual allegations and determines "whether they plausibly give rise to an entitlement to relief." Id.

This facial plausibility standard is met when the plaintiffs pleads facts that allow the Court to "draw the reasonable inference

5

that the defendant is liable for the misconduct alleged." Id. at 1949. Claims that are merely conceivable will not survive a motion to dismiss; claims must be plausible. Twombley, 550 U.S. at 570; see also Iqbal, 129 S.Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully"). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal 129 S. Ct. at 1949 (internal quotations omitted). In the end, evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Rule 9(b) of the Federal Rules of Civil Procedure imposes a "heightened pleading standard", and provides that when alleging fraud "a party must state with particularity the circumstances constituting fraud or mistake... Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.'" U.S. ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 185 (5th Cir. 2009). "The particularity demanded by Rule 9(b)", the Fifth Circuit instructs, "is supplemental to the Supreme Court's...interpretation of Rule 8(a) requiring 'enough facts

[taken as true] to state a claim to relief that is plausible on its face.'" Id. (citing Twombly, 550 U.S. at 570).

To satisfy Rule 9(b), a plaintiff must (1) specify the statements alleged to be fraudulent, (2) identify the speaker or author of the statements, (3) state when and where the statements were made, and (4) state why the statements were fraudulent. Hermann Holdings Ltd. v. Lucent Technologies, Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(citations omitted). The Fifth Circuit commands that Rule 9(b) be interpreted strictly (id.), but instructs courts to be mindful that "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading[;] Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after Twombly must make relief plausible, not merely conceivable, when taken as true." Kanneganti, 565 F.3d at 185-86. Finally, the Court must realistically observe that "Rule 9(b)'s ultimate meaning is context-specific, and thus there is no single construction of Rule 9(b) that applies in all contexts." Id. at 188.

II.
*A.*

Citi contends that the plaintiffs' amended fraud claim should be dismissed for failure to state a claim; in particular, Citi contends that the plaintiffs have failed to allege facts or allegations that support an inference that Citi knew it was not the

7

owner and holder of the mortgage. The plaintiffs counter that they have stated a claim for fraud that satisfies Rule 12(b)(6) and 9(b).

As this Court has previously noted in considering Citi's prior motion to dismiss, Louisiana Civil Code article 1953 provides:

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

The elements of a fraud claim are (1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury. <u>Kadlec Med. Center v. Lakeview Anesthesia Assoc.</u>, 527 F.3d 412, 418 (5th Cir.), cert. denied, 129 S. Ct. 631 (2008).

The Court considers whether these amended allegations comport with Rule 9(b)'s requirements:

- By letter in 2007 an unknown representative of Citi advised the plaintiffs that Citi had become the owner of their mortgage.
- The letter was fraudulent per se because Citi had not become the owner of the mortgage in 2007. Citi's suggestion to the contrary is an attempt to obtain an unjust advantage for itself to the plaintiffs' detriment.
- The allegations made in the petition for executory process filed on January 10, 2011 were not true in stating that Citi was the holder and owner of the mortgage.
- Citi did not become the holder and owner of the mortgage until June 30, 2011.
- MERS announced 6 weeks after Citi filed the petition of foreclosure that it should ensure the accuracy of the information contained in complaints and foreclosure affidavits to confirm that MERS had assigned the mortgage to the foreclosing note-holder.
- Citi did not ensure the accuracy of the information in the

8

- affidavit filed with the petition for foreclosure.
- During the spring of 2011, plaintiffs applied for a reinstatement with Citi's loss mitigation department. Citi failed to advise plaintiffs that it did not own the mortgage or the note. Citi's silence constitutes fraud.
- At the latest, on June 30, 2011 (when Citi finally came into ownership of the mortgage note and mortgage), Citi knew or should have known that it did not own the mortgage or the note on which it had wrongfully foreclosed. But Citi persisted in its wrongful and fraudulent actions, including demanding payment of the full amount of the note to prevent sheriff's sale of the property.
- Additional fraudulent actions by Citi include sending to the plaintiffs two payoff quotes.
- Citi knew it was not the owner and holder of the mortgage note at the time it filed foreclosure proceedings against the plaintiffs.

*B.*

Construing all facts and allegations in the light most favorable to the plaintiff, the Court finds that the plaintiffs have stated a claim for fraud that could plausibly entitle them to relief. They have cured their prior deficiency by alleging facts that would support an inference that Citi acted with fraudulent intent: the plaintiffs contend that Citi, through letters, telephone conversations, court filings, and demands for payoffs, misrepresented (by silence and by affirmative statement) that Citi owned their mortgage, at a time when Citi knew it did not own the mortgage, that Citi wrongfully foreclosed on the plaintiffs' property; and that Citi engaged in conduct (such as re-setting the sheriff's sale many times in bad faith to increase fees and demanding payment on the full amount of the mortgage note to prevent the sheriff's sale of their property) as part of a plan to

9

make any final loan payoff more difficult, and so that the Foses could not reinstate or payoff their loan. Citi has fair notice of plaintiffs' fraud claims, which are sufficiently alleged to pass Rule 9(b)'s muster.

Accordingly, Citi's motion to dismiss is DENIED.

New Orleans, Louisiana, January 9, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE